UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
DEBBIE BRUNSON,

                Plaintiff,

     - against -

DEUTSCHE BANK NATIONAL TRUST
COMPANY, OCWEN LOAN SERVICE, and
NEW CENTURY MORTGAGE
CORPORATION,

               Defendants.
----------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-562 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On July 29, 2019, Plaintiff Debbie Brunson ("Plaintiff"), appearing *pro se*, filed this complaint alleging that Defendants Deutsche Bank National Trust, Ocwen Loan Service, and New Century Mortgage Corporation (collectively, "Defendants") wrongfully foreclosed on Plaintiff's home located at 2037 East 55th Street in Brooklyn, New York (the "Property"). (*See generally* Complaint ("Compl."), Dkt. 1.) For the reasons set forth below, the Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and dismisses the complaint.

## BACKGROUND

Plaintiff's complaint alleges as follows.[1] In 2005, Plaintiff purchased the Property and took out a mortgage loan in the amount of $265,000 with Defendant New Century Mortgage. (Compl., at 7.) Thereafter, Plaintiff "made timely payments to New Century Mortgage until such time as the loan was assigned to [Defendant] Deutsche Bank and, thereafter, payments were made

---

[1] "At the pleadings stage of a case, the court assumes the truth of 'all well-pleaded, nonconclusory factual allegations' in the complaint.'" *Durant v. N.Y.C. Housing Auth.*, No. 12-CV-937 (NGG) (JMA), 2012 WL 928343, at *1 (E.D.N.Y. Mar. 19, 2012) (quoting *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 123 (2d Cir. 2010)).

1

to New Century Mortgage." (*Id.* at 14.) In 2016, Deutsche Bank "claimed th[at] [P]laintiff was behind on payments and hired [a] [f]oreclosure attorney to commence foreclosure." (*Id.*) Plaintiff asks this Court to "[v]oid the foreclosure sale process" and award her $40 million in compensatory and punitive damages. (*Id.* at 16.)

### STANDARD OF REVIEW

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise "the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (quotations omitted), even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction

is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### I. Subject Matter Jurisdiction

The Court concludes that it lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. This principle, growing out of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), holds that federal district courts lack subject matter jurisdiction to hear cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005).

In *Hoblock v. Albany County Board of Elections*, 422 F.3d 77 (2d Cir. 2005), the Second Circuit clarified the four requirements for application of the *Rooker-Feldman* doctrine:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced—i.e., *Rooker-Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

*Id.* at 85 (quotations and brackets omitted). Each of these conditions is met in this case. First, Plaintiff—a defendant in the foreclosure action—lost in state court when the judgment of foreclosure was entered. (*See* Compl., at 9 (stating that "the foreclosure judgment must be vacated"). Second, Plaintiff's injury, loss of legal rights in the Property, was caused by the state-court judgment. Third, Plaintiff requests that this Court review the foreclosure action and overturn the judgment. (*See id.* at 16 (asking this Court to "[v]oid the foreclosure sale process that started on June 15th, 2015[] based on the attorney's fraudulent misconduct"). Fourth, Plaintiff herself

3

states that the "foreclosure sale process" began in June of 2015 (*id.*)—well before Plaintiff filed the instant lawsuit in federal court. For these reasons, *Rooker-Feldman* applies, and this Court lacks jurisdiction to overturn the state court judgment of foreclosure. *See Murphy v. Riso*, No. 11-CV-0873 (JFB) (ARL), 2012 WL 94551, at *6 (E.D.N.Y. Jan. 12, 2012) ("[N]umerous courts in this Court [] have consistently held that attacks on a judgment of foreclosure are barred by the *Rooker-Feldman* doctrine." (collecting cases)).

Plaintiff's reference to various federal and state laws, such as RICO, the Consumer Protection Act, and "slander of credit" (*see* Compl., at 12–14), and her claim that she was unlawfully deceived in the underlying foreclosure proceedings (*id.* at 11–12) do not affect this analysis. "To the extent [Plaintiff] asks [this Court] to grant [her] title to [her] property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars [her] claim." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014); *see also Webster v. Wells Fargo Bank, N.A.*, No. 08-CV-10145, 2009 WL 5178654, at *9 (S.D.N.Y. Dec. 23, 2009) ("Plaintiffs seek damages resulting from the foreclosure as well as punitive damages. Yet *Rooker-Feldman* bars Plaintiffs from raising claims that allege injuries resulting from the state-court judgment permitting foreclosure to proceed." (quotation omitted)); *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999) (finding that subject matter jurisdiction did not exist under *Rooker-Feldman* to adjudicate plaintiffs' RICO and constitutional claims because the plaintiffs asked the court "to review the state court's judgment of foreclosure and eviction, by seeking damages for the loss of their property").

## II. Leave to Amend

Ordinarily, the Court would allow Plaintiff an opportunity to amend her pleading. *See Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000) (holding that a *pro se* plaintiff proceeding *in forma pauperis* should be afforded the opportunity "to amend his complaint prior to its dismissal

4

for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."). However, allowing such an opportunity is not warranted here, as it is clear from the face of Plaintiff's complaint that any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [Plaintiff]'s causes of actions is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").

## CONCLUSION

Accordingly, the instant *pro se* complaint is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 15, 2019
      Brooklyn, New York